OPINION
On March 16, 2001, the Stark County Grand Jury indicted appellant, Quinton Davis, on one count of possession of cocaine in violation of R.C. 2925.11(A) and one count of aggravated menacing in violation of R.C. 2903.21(A).
A jury trial commenced on May 10, 2001. The jury found appellant guilty of the aggravated menacing charge, but was unable to reach a verdict on the possession charge. By judgment entry filed May 21, 2001, the trial court sentenced appellant to one hundred eighty days in jail.
 Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE JURY VERDICT FINDING APPELLANT GUILTY OF AGGRAVATED MENACING AND SAID VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the jury verdict was against the sufficiency and manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Appellant was convicted of aggravated menacing in violation of R.C.2903.21(A) which states "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."
At the conclusion of the state's case, appellant moved for a judgment of acquittal based upon insufficient evidence. The trial court denied this motion and appellant argues it should have been granted because he never threatened the victim, Canton Police Officer Gibran Baskerville, with serious physical harm. Even though appellant admits the statements were threatening, he argues they did not reach the level of "serious physical harm." At most, appellant argues he was guilty of menacing. From our review of the evidence, we disagree with appellant's position.
Appellant was arrested and placed in the police cruiser. T. at 183. Although he had been cooperative at the scene, once appellant was in the cruiser, he became aggressive. Id. Officer Baskerville testified to the following statement made by appellant:
 I can't believe this fucking shit; I can't I believe you guys are going to put this shit on me; you know, I don't even smoke cigarettes.
 Id.
After arriving at the police station, Officer Baskerville's partner exited the cruiser. T. at 184. The following exchange then occurred between Officer Baskerville and appellant:
 At that point Mr. Davidson (sic) says, you know, I can't believe this shit. Excuse me.
Just what he said. Tell us what he said.
 He says, I can't believe this shit, you know; you going to let these white officers put this shit on me. And, you know, he said you're black, you know, you're a black guy, you're a black officer; I can't believe this shit. And at that point I proceeded to say you know, you can take it up in court, sir.
T. at 185.
Officer Baskerville's partner returned to the cruiser whereupon the officers proceeded to transport appellant to the Stark County Safety Building. T. at 186. During the trip, appellant stated the following:
 Uh, yes, sir, he starts making comments again about you know, he can't believe that, you know, I'm letting these white guys do this to him.
Okay.
 You know, and then I, I proceeded to say to him don't make it personal, and he said fuck that, it's already personal, I know what type of vehicle you drive, I — and he proceeded to name the Ford Expedition, he knows where I live he stated, he seen my wife on the porch before, he seen my children out in the yard playing.
* * *
 Okay. Does he say anything else while you're in the vehicle with him?
 You know, and at that point he says, you know, if I don't do you, one of my boys will do you.
T. at 186-188.
The facts that appellant stated were true, Officer Baskerville does drive a Ford Expedition and does have a wife and children. T. at 187. Officer Baskerville testified that although appellant had never "been at my house," he has seen him "go past my house several times either walking or riding his bike." Id.
Officer Baskerville took appellant's statements "as a threat that he meant he was either going to come after me physically or shoot me." T. at 188. Officer Baskerville took the statements very seriously. Id. As a result of appellant's statements, Officer Baskerville has taken "a little bit more caution on the way I go home every night" and he checks his "residence a little bit more often" while on patrol "in the downtown beat." T. at 189-190.
An audio tape was running in the cruiser when appellant's statements were made, but on review, the statements were inaudible and garbled. T. at 201-202.
The determination as to whether statements are threats of serious physical harm is to be made by the triers of fact, in this case, the jurors. Clearly, by waiting until Officer Baskerville was alone to first initiate the exchange implies appellant was serious. Also, the threat to Officer Baskerville was escalated given that appellant was arrested in the vicinity of the officer's residence and the officer knew appellant was a frequenter to his neighborhood. The jury had the opportunity to review not only the threatening words, but the demeanor and credibility of the officer. It was within the jury's province to determine if appellant's statements were meant to convey a threat of serious physical harm. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
Upon review, we find sufficient credible evidence, if believed, to support the conviction, and no manifest miscarriage of justice.
The sole assignment of error is denied.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
Hon. W. Scott Gwin, P.J. Hon. Sheila G. Farmer, J. Hon. Julie A. Edwards, J. concur.